Filed 8/14/26  South Feather Water and Power Agency v. North Yuba Water Dist. CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sutter)

| | |
|---|---|
| SOUTH FEATHER WATER AND POWER AGENCY, | C104121 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CVCS21-0002073) |
| NORTH YUBA WATER DISTRICT, | |
| Defendant and Respondent. | |

Plaintiff South Feather Water and Power Agency (South Feather) appeals after the trial court entered judgment in favor of defendant North Yuba Water District (North Yuba).  South Feather argues:  (1) an actual controversy exists between the parties justifying South Feather's declaratory relief cause of action forcing North Yuba to truthfully notify it of actions North Yuba takes under the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.) (CEQA); and (2) North Yuba was in possession of and required to disclose records held by an independent contractor for the purposes of South Feather's cause of action under the California Public Records Act (Gov. Code, § 7920.000 et seq.) (Records Act).

We conclude South Feather forfeited the theory for declaratory relief it argues on appeal because it failed to argue those grounds in the trial court.  When viewing the arguments for declaratory relief South Feather made in the trial court, it is clear South

1

Feather linked its success on the declaratory relief cause of action to its success on its other CEQA causes of action. Thus, the trial court did not err by finding no controversy existed between the parties after the CEQA causes of action had been resolved. We also conclude South Feather's appellate claim under the Records Act is not cognizable because South Feather failed to file a petition for issuance of an extraordinary writ within the statutorily prescribed time. (Gov. Code, § 7923.500.) Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, South Feather made a request to North Yuba under Public Resources Code section 21092.2 to give South Feather CEQA notices and documents, as well as notices of ministerial actions and categorial exemptions, pertaining to the Forbestown Ditch Project. In February 2020, North Yuba approved plans and a notice of exemption under CEQA for the Oroleve Ditch Project, which had previously been a part of what South Feather believed was the Forbestown Ditch Project. North Yuba did not send notice of these actions, or actions related to the Forbestown Ditch Project, to South Feather. This caused South Feather to file a petition for writ of mandate and complaint for declaratory relief alleging five causes of action. The first three causes of action were for writ of mandate alleging North Yuba: (1) violated CEQA by approving a notice of exemption for the Oroleve Ditch Project; (2) violated CEQA by piecemealing the Oroleve Ditch Project from the Forbestown Ditch Project; and (3) violated CEQA by failing to provide South Feather with requested CEQA notices.

The fourth cause of action was for declaratory relief and presented "[a]s an alternative claim if [the trial c]ourt finds that [South Feather] cannot challenge [North Yuba]'s purported decision to approve the [Oroleve Ditch] Project due to untimeliness, or for any other reason." Specifically, South Feather alleged, "[North Yuba] is engaged in a pattern and practice of refusing to provide [South Feather] notices and information legally required under CEQA." Accordingly, "an actual controversy has arisen under Code of Civil Procedure section 1060 between [North Yuba] and [South Feather] in

2

relation to [North Yuba's] procedural obligation under CEQA and concerning [North Yuba]'s obligations to respond to CEQA inquiries in a truthful manner."

South Feather's fifth cause of action was for writ of mandate based on North Yuba's alleged violation of the Records Act. This cause of action was based on North Yuba's assertion it was not in possession of further documents responding to South Feather's Records Act request. When South Feather later received documents pursuant to a subpoena from North Yuba's independent contractor, however, the records contained e-mails not included in North Yuba's disclosure to South Feather.

Before trial, South Feather filed a brief arguing North Yuba failed to provide CEQA notices in a truthful manner as requested by South Feather and required by law, pointing to North Yuba's conduct when (1) signing and adopting a notice of exemption for the Oroleve Ditch Project; (2) adopting a resolution referencing the notice of exemption; (3) posting the notice of exemption; (4) drafting an initial study/mitigated negative declaration for the Forbestown Ditch Project; (5) submitting the initial study/mitigated negative declaration to the state clearinghouse; and (6) communicating with South Feather's counsel about the initial study/mitigated negative declaration. South Feather relied on North Yuba's lack of notice when arguing its CEQA causes of action were timely and North Yuba should be estopped from asserting a statute of limitations argument. As its request for relief, South Feather argued the trial court should declare North Yuba's approval of the Oroleve Ditch Project inconsistent with CEQA. It further requested the court rescind North Yuba's actions pertaining to the Forbestown Ditch Project and order a full environmental impact report with adequate CEQA notice to South Feather for the entire project.

During the court trial, South Feather divided its claims into two classes of cases— the CEQA case and the Records Act case. For the CEQA case, South Feather argued it had requested CEQA notices from North Yuba for the Forbestown Ditch Project, which North Yuba piecemealed into two projects that included the Oroleve Ditch Project. North

3

Yuba then failed to provide South Feather CEQA notices and gave South Feather misleading CEQA information regarding both the Oroleve Ditch Project and the Forbestown Ditch Project. In addition to North Yuba's failure to notify South Feather of the notice of exemption for the Oroleve Ditch Project, South Feather noted that North Yuba also told South Feather it was preparing an environmental impact report for the Forbestown Ditch Project, but instead adopted a mitigated negative declaration without notifying South Feather of that action. South Feather argued North Yuba should be estopped from arguing South Feather's CEQA causes of action were time-barred given North Yuba's failure to provide South Feather with truthful CEQA notices.

In its proposed statement of decision, South Feather included findings that North Yuba failed to give adequate CEQA notice, which excused South Feather's failure to timely challenge the Oroleve Ditch Project. As relief, South Feather's proposed statement of decision vacated North Yuba's notice of exemption for the Oroleve Ditch Project and ordered North Yuba to complete a full environmental impact report for the Forbestown Ditch Project, while considering the Oroleve Ditch Project in the environmental analysis. South Feather's proposed statement of decision then ordered North Yuba to provide written notice to South Feather of any CEQA findings related to the Forbestown Ditch Project as the project was defined in a 2005 agreement between the parties.

The trial court found against South Feather on all its causes of action. The trial court considered South Feather's CEQA causes of action together and found them time-barred by the statute of limitations provided in Public Resources Code section 21167, subdivision (a). The trial court further found that whether South Feather's request for CEQA notices encompassed the Oroleve Ditch Project was irrelevant because the failure of North Yuba to give notice did not extend the statute of limitations. As to South Feather's cause of action under the Records Act, the trial court found South

4

Feather failed to establish North Yuba had possession or had a duty to maintain e-mails that were produced by North Yuba's independent contractor during discovery.

Consequently, the trial court denied South Feather's petition for writ of mandate and complaint for declaratory relief. The trial court found as to the complaint for declaratory relief that there was no controversy pending between the parties. Notice of entry of order was filed with the court and mailed to South Feather on April 16, 2025.

South Feather filed a notice of appeal on June 27, 2025, from the judgment after court trial.

DISCUSSION

I

*The Trial Court Did Not Err By Finding*

*There Was No Pending Controversy Between The Parties*

"In order to state a claim for declaratory relief, there must be an 'actual controversy' relating to the legal rights and duties of the parties." (*Country Side Villas Homeowners Assn. v. Ivie* (2011) 193 Cal.App.4th 1110, 1118, citing Code of Civ. Proc., § 1060.) " '[Declaratory relief] operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.' " (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 848.) " 'Whether a claim presents an "actual controversy" within the meaning of Code of Civil Procedure section 1060 is a question of law that we review de novo.' " (*SJJC Aviation Services, LLC v. City of San Jose* (2017) 12 Cal.App.5th 1043, 1061.)

South Feather contends there is an actual controversy between the parties, regardless of the resolution of its CEQA causes of action asserted as part of its petition for writ of mandate, because North Yuba's obligation to provide CEQA notices pertaining to the Forbestown Ditch Project and other projects more broadly is still in

5

question. North Yuba contends South Feather forfeited this theory because South Feather did not argue for declaratory relief for these reasons at trial. We agree with North Yuba.

" ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried." ' " (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) " ' "This rule is based on fairness—it would be unfair, both to the trial court and opposing litigants, to permit a change of theory on appeal." ' " (*Ibid*.; see *JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178 ["Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider"].)

Here, South Feather consistently argued throughout trial that North Yuba's failure to provide CEQA notices to South Feather estopped North Yuba from relying on the statute of limitations as a defense and provided justification for South Feather's failure to timely challenge the Oroleve Ditch Project. While South Feather's complaint for declaratory relief presented the cause of action as an alternative to South Feather's other CEQA causes of action, the complaint did not identify specific future CEQA notices it sought to receive. Instead, it generally asserted North Yuba engaged in a pattern and practice of refusing to provide South Feather with required CEQA notices, incorporating its allegations pertaining to the Forbestown and Oroleve Ditch Projects—the approval for which South Feather sought to vacate or rescind with its writ petition. The only reference to future CEQA notices during trial was in South Feather's proposed statement of decision, which ordered CEQA notices following the proposed order to vacate North Yuba's prior CEQA determinations and order a full environmental impact report for the Forbestown Ditch Project and Oroleve Ditch Project.

In total, South Feather's cause of action for declaratory relief relied on its success on its other CEQA causes of action and did not reference an ongoing controversy

6

independent of South Feather's CEQA causes of action.  Accordingly, South Feather's appellate argument that a controversy exists as to North Yuba's future projects, including future action regarding the Forbestown Ditch Project that was the subject of a negative mitigated declaration, is forfeited.  The trial court did not err by finding South Feather's declaratory relief cause of action failed because there was no controversy pending between the parties.

II

*South Feather's Records Act Challenge Is Not Cognizable*

South Feather contends the trial court erred by denying its petition for writ of mandate under the Records Act because North Yuba was in constructive possession of the e-mails held by its independent contractor.  North Yuba argues South Feather's claims are not cognizable on appeal because it did not file a petition for issuance of an extraordinary writ as required by Government Code section 7923.500, subdivision (a).  South Feather counters that Government Code section 7923.500 does not apply to its appellate challenge, and, in the alternative, it can avail itself of an exception.  We agree with North Yuba that South Feather's appellate challenge to the trial court's ruling under the Records Act is not cognizable.

"A trial court's order is appealable when it is made so by statute."  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal.  (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 263 (*MinCal*).)

Relevant here, Government Code section 7923.500, subdivision (a) states, "An order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of [s]ection 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ."  Government Code section 7923.500 "unambiguously

7

forecloses an appeal and instead expressly authorizes a writ as the sole and exclusive means to challenge the trial court's ruling" on an action to enforce a person's right to disclosure of public records under the Records Act. (*MinCal*, *supra*, 214 Cal.App.4th at pp. 263-264.)

A writ petition challenging an order either directing disclosure, or supporting the decision refusing disclosure, of public records must be filed within 20 days of service of notice of entry of that order, or within an additional 20 days as the trial court may allow for good cause. (Gov. Code, § 7923.500, subds. (a)-(b).) "If the notice is served by mail, the period within which to file the petition shall be increased by five days." (§ 7923.500, subd. (c).) These deadlines are "mandatory and jurisdictional." (*MinCal*, *supra*, 214 Cal.App.4th at p. 264.) Accordingly, "if a writ petition is not filed within the time limit, we are *without power* to review the merits of the trial court's ruling." (*Ibid.*, italics added.) Our Supreme Court has explained that, by enacting provisions of the Records Act, the Legislature established "the exclusive procedure" for "litigating disputes regarding a person's right to obtain disclosure of public records under the [Records] Act." (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 433 [discussing the former Cal. Public Records Act, Gov. Code, former §§ 6258 and 6259, recodified by Stats. 2021, ch. 614].)

Here, South Feather seeks review of the trial court's determination that North Yuba was not in possession of e-mails held by its independent contractor. South Feather argues this determination does not fall under Government Code section 7923.500, subdivision (a) because the court's order did not direct " 'disclosure by a public official or support[] the decision of the public official refusing disclosure,' " as required by the provision. (Boldface omitted.) To South Feather, North Yuba did not refuse disclosure, it claimed it was not in possession of records. But North Yuba's claim it was not in possession of further records responding to South Feather's request was the reason it refused to disclose further records. (See Gov. Code, § 7923.500, subd. (b) ["Upon entry

8

of any order pursuant to this chapter, a party shall, in order to obtain review of the order, file a petition"].)

Indeed, as our Supreme Court has held, the Records Act provides "the exclusive procedure" for "litigating disputes *regarding a person's right to obtain disclosure of public records under the* [*Records*] *Act*." (*Filarsky v. Superior Court*, *supra*, 28 Cal.4th at p. 433, italics added.) We conclude South Feather's claim under the Records Act raises a dispute regarding its right to obtain disclosure of public records from North Yuba. South Feather's reliance on the Records Act's purpose to prevent delay of disclosure is misplaced. "The Legislature expressly specified that an order denying disclosure falls within the short statutory time limit. Thus, it is of no import that this case does not concern [a public agency]'s ability or need to delay disclosure of its records." (*MinCal*, *supra*, 214 Cal.App.4th at p. 265, italics omitted.) Thus, Government Code section 7923.500, subdivision (a) applies to South Feather's claim under the Records Act.

Nevertheless, South Feather contends we should exercise our discretion to hear its appeal. We are without power to do so. While we have discretion to construe a notice of appeal as a petition for an extraordinary writ, the notice of appeal must be filed within the statutory period for filing a writ petition for us to have jurisdiction over the matter. (*Committee to Support Recall of Gascón v. Logan* (2023) 94 Cal.App.5th 352, 370-371.) Here, the trial court mailed to South Feather notice of entry of the court's order on April 16, 2025, which triggered the 25-day period to file a writ petition. (Gov. Code, § 7923.500, subds. (b)-(c).) South Feather filed its notice of appeal on June 27, 2025, well after the time to file a writ petition expired.

South Feather cites *MinCal* for the proposition we may otherwise exercise our discretion to construe its notice of appeal as a petition for an extraordinary writ. (*MinCal*, *supra*, 214 Cal.App.4th at p. 266.) But *MinCal* does not stand for this proposition. Instead, the *MinCal* court stated the appellant "present[ed] no extraordinary or compelling reason … to disregard this jurisdictional time limit, or consider its appeal

9

as a writ petition" after acknowledging the only scenario for an exercise of discretion is when the notice of appeal was filed within the statutory deadline set in Government Code section 7923.500. (*MinCal*, *supra*, 214 Cal.App.4th at pp. 265-266.) Accordingly, South Feather cannot avail itself of an exception to Government Code section 7923.500, subdivision (a)'s requirements, and thus its contention under the Records Act is not cognizable.

## DISPOSITION

The judgment is affirmed. South Feather shall bear costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/
_____
ROBIE, J.

We concur:

/s/
_____
HULL, Acting P. J.

/s/
_____
BOULWARE EURIE, J.

10